# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

MICHAEL DERRICK SIMMONS,　)
#240526,　　　　　　　　　　　)
　　　　　　　　　　　　　　 )　CIVIL ACTION NO. 0:08-1028-PMD-PJG
　　　　　　　　 Petitioner,　)
　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　 )
RICHARD BAZZLE,　　　　　　 )
　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　 )　**REPORT AND RECOMMENDATION**
　　　　　　　　　　　　　　 )
　　　　　　　　 Respondent.　)
_____)

　　　　　Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on March 24, 2008.[1]

　　　　　The Respondent filed a return and motion for summary judgment on June 26, 2008. As the Petitioner is proceeding pro se, a Roseboro order was filed on June 27, 2008, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. On July 28, 2008, Petitioner filed a brief in opposition. This matter is now before the Court for disposition.[2]

---

　　　　　[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

　　　　　[2]This case was reviewed by to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



## **Procedural History**

Petitioner was indicted in November 2003 in Greenville County for burglary in the first degree [Indictment No. 03-GS-23-8133], two counts of armed robbery [Indictment Nos. 03-GS-23-8148 and 03-GS-23-8161], and one count of attempted armed robbery [Indictment No. 03-GS-23-8134]. (R.pp. 225-226, 228-229, 231-232, 234-235). Petitioner was represented by C. Timothy Sullivan, Esquire, and was tried by a jury on February 10-11, 2004, which found Petitioner guilty of burglary in the first degree and three counts of attempted armed robbery. (R.pp. 5-146). Petitioner was sentenced by the trial judge to twenty (20) years for the burglary charge, and twenty (20) years, concurrent, on each of the three attempted armed robbery charges. (R.pp. 148-149, 224, 227, 230, 233).

Petitioner timely filed a direct appeal of his conviction. Petitioner was initally represented on appeal by Eleanor Duffy Cleary, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. However, on November 10, 2004, the South Carolina Court of Appeals granted Petitioner's petition to relieve appellate counsel.[3] Petitioner then raised the following issues in a pro se brief:

> 1) Did the Greenville County Sheriff's Department obtain cause to arrest Appellant?
>
> 2) Did the Court of General Sessions have jurisdiction to try Appellant, after Appellant was denied the right to a timely requested preliminary hearing?
>
> 3) Did the trial judge err, when he forced Appellant to stand trial with his lawyer, after Appellant had proven a conflict of interest between the lawyer and client during the pretrial stage of the case?
>
> 4) Did the trial judge err, when he let this case go to the jury with evidence that only

---

[3]Although a copy of this document has not been provided to the Court, this issue is not contested by the parties.



raised a suspicion of guilt of Appellant?

<u>See</u> Respondent's Exhibit 6, p. 3.

The State moved to strike this amended[4] "Initial Brief" and "Designation of Matter"; <u>see</u> Respondent's Exhibit 7; and on July 12, 2005, the South Carolina Court of Appeals granted the State's motion to strike. <u>See</u> Respondent's Exhibit 5. Petitioner then filed a Final Appellant's Brief on October 19, 2005, in which he presented the following issues:

    1) Whether the Greenville County Sheriff's Department had probable cause?

    2) Was appellant's rights violated, when he was denied a preliminary hearing?

<u>See</u> Respondent's Exhibit 8, p. 3.

    The South Carolina Court of Appeals affirmed Petitioner's convictions on March 8, 2006. <u>State v. Simmons</u>, Memo.Op.No. 2006-UP-132 (S.C.Ct.App. 2006) (R.pp. 151-154). Petitioner filed a "Motion for Rehearing" dated March 13, 2006; <u>see</u> Respondent's Exhibit 10; which was denied by the South Carolina Court of Appeals on April 20, 2006. <u>See</u> Respondent's Exhibit 11. The Remittitur was sent down on May 25, 2006. <u>See</u> Respondent's Exhibit 12.

    On June 5, 2006, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. (R.pp. 155-170). <u>Simmons v. State of South Carolina</u>, 06-CP-23-3576. Petitioner raised the following issues in his APCR:

    1. Subject Matter Jurisdiction

    2. Ineffective Assistance of Counsel

    3. Prosecutorial Misconduct.

(R.pp. 157).

---

[4]Petitioner had previously filed a brief that had been stricken. <u>See</u> Respondent's Exhibits 2-3.



Petitioner was represented by Caroline M. Horlbeck, Esquire, and an evidentiary hearing was held on Petitioner's PCR application on February 28, 2007.  (R.pp. 177-214).  The PCR judge dismissed the APCR in its entirety on March 21, 2007.   (R.pp. 215-223).

Petitioner then filed a Petition for Writ of Certiorari.  Petitioner was represented on appeal by Robert M. Pachak of the South Carolina Office of Appellate Defense, who filed a <u>Johnson</u>[5] petition raising the following issue:

> Whether defense counsel was ineffective in failing to request a jury instruction that statements made by co-defendants should be received with caution?

<u>See</u> Respondent's Exhibit 13, p. 2.

Petitioner also filed a *pro se* Petition for Writ of Certiorari, asserting the following claims:

> 1.  Whether trial judge had subject matter jurisdiction pursuant to Statutory Construction?
>
> 2.  Whether it was proper conduct for Representatives of this State to purchase a testimony in violation of Statutory Language?
>
> 3.  Whether the PCR court erred when it ruled there was no legitimate[] ground to suppress Nash's testimony?
>
> 4.  Whether the prosecutor committed misconduct in vouching for Nash's testimony?
>
> 5.  Whether Petitioner's rights to Due Process and Equal Protection of Law [were] violated when he was forced to stand trial on indictments [that were] not returned by a legal[ly] constituted Grand Jury by Statutory Language?

<u>See</u> Respondent's Exhibit 14, p. 2.

The South Carolina Supreme Court granted counsel's petition to be relieved and denied certiorari in an unpublished order filed March 7, 2008.  <u>See</u> Respondent's Exhibit 16.  The Remittitur was issued

---

[5]<u>See</u> <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988); <u>see also</u> <u>Anders v. California</u>,386 U.S. 738, 744 (1967).

4



on March 25, 2008.  <u>See</u> Respondent's Exhibit 17.

Petitioner then filed this <u>pro</u> <u>se</u> Petition for writ of habeas corpus in United States District Court, raising the following claims:

**Ground One:** Denial of Procedural Due Process (Subject-Matter Jurisdiction).

**Ground Two:**  Denial of Effective Assistance of Counsel

**Ground Three:**  Denial of Fair Trial

**Ground Four**  Denial of Due Process and Equal Protection of Law

<u>See</u> Petition, pp. 6-11.

### <u>Discussion</u>

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro</u> <u>se</u> litigant to allow the development of a potentially meritorious case;  <u>See</u> <u>Cruz v. Beto</u>,  405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

### I.

In Ground One of his petition, Petitioner contends that he was denied Procedural Due



Process and that the state court lacked subject matter jurisdiction due to Petitioner not receiving a preliminary hearing and because his trial was held outside of the General Sessions term of Court.

With regard to Petitioner's challenge that he did not receive a preliminary hearing, Petitioner raised this issue in his direct appeal. The South Carolina Court of Appeals dismissed this claim, finding:

> [A] defendant does not have a constitutional right to a preliminary hearing in South Carolina. State v. Keenan, 296 S.E.2d 676 (S.C. 1982). [Petitioner's] indictments constituted a finding of probable cause and thus eliminated the need for a preliminary hearing. State v. McClure, 289 S.E.2d 158 (S.C. 1982). Significantly, [Petitioner's] attorney declined to request a hearing because he felt it was clear the state had probable cause. We find no error on appeal.

(R.p. 153).

Both issues presented in Ground One were then raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).[6] The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Simmons v. State of South Carolina, No. 06-CP-23-3576. Specifically, the

---

[6]Respondent contends that these issues are both procedurally barred from consideration by this Court because the issue presented in Petitioner's direct appeal was based on a violation of South Carolina law, while neither issue was raised in the Johnson petition filed in the PCR appeal. Respondent contends that Petitioner could not preserve these issues by raising them in his pro se brief filed in response to the Johnson petition. The undersigned disagrees. Since these issues were raised in Petitioner's APCR and in his pro se appellate brief, and his appellate counsel filed a Johnson petition, the entire record would have been considered on PCR appeal. DuPree v. Padula, No. 05-667, 2006 WL 784244, * 6 (D.S.C. March 27, 2006); cf King v. State, 417 S.E.2d 868 (S.C. 1992)[careful consideration of the entire record is required by Johnson v. State, 364 S.E.2d 201 (S.C. 1988)]; Praylow v. McMaster, No. 04-02-2-33082, 2004 WL 3334010, * 11 (D.S.C. Oct. 28, 2004), dismissed by, 126 Fed.Appx. 89 (4th Cir. 2005). Further, Petitioner did specifically assert a due process argument as part of his direct appeal claim. See Respondent's Exhibit 8, p. 6. Therefore, the undersigned has discussed these claims on the merits.

6



PCR judge found with regard to these issues that: 1) Petitioner's allegations regarding subject matter jurisdiction were without merit; 2) trial counsel properly determined that, based on the discovery materials and bond hearing, a preliminary hearing was unnecessary and Petitioner's counsel waived the right to such hearing on behalf of the Petitioner; and 3) the allegation regarding S.C. Code Ann. § 14-5-410 does not involve the issue of subject matter jurisdiction.  (R.p. 222).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001). Further, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000).  See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Petitioner has not shown entitlement

7



to relief under this standard.

At his PCR hearing, Petitioner testified that he requested a preliminary hearing, but that his counsel waived the hearing. (R.pp. 184-185). Petitioner argued that,

> [S]ection 22-5-320, states that when a defendant has demanded a preliminary hearing, the case should not be transmitted to the Court of General Sessions or submitted to the Grand Jury and the Magistrate to retain jurisdiction until after such preliminary hearing. Now, being that this notice was timely filed, it violated my 14th amendment right to proceed with due process.

(R.p. 193).

Petitioner also testified that the trial court lacked subject matter jurisdiction, pursuant to S.C. Code § 14-5-410,[7] because his trial was held in February, which was a Common Pleas (civil) term of court. (R.pp. 193-194). Petitioner's counsel testified that he usually tells clients that they will not have a preliminary hearing if they have a bond hearing, because he gets the same information and more from a bond hearing. Counsel also testified they had a bond hearing in this case that covered the same information they would have been brought out at a preliminary hearing. (R.pp. 203-205). The state court found that based on the discovery materials provided and the results of the bond hearing, a preliminary hearing was unnecessary and that Petitioner's counsel waived the right to this hearing on behalf of the Petitioner. The state court also found that the allegations regarding the preliminary hearing and § 14-5-410 do not involve the issue of subject matter jurisdiction. (R.p. 222).

Since Petitioner's counsel waived the right to his preliminary hearing, there is no basis in the record before this Court on which to find a due process violation. A defendant is not entitled

---

[7]This Code Section provides: "Whenever provision is made for holding the court of common pleas the presiding judge, during the time allowed for the holding of the court of common pleas, may open the court of general sessions and transact all or such business of the court of general sessions except trials by jury as such judge may deem expedient."



by federal or state constitutional law to a preliminary hearing.  See State v. Keenan, 296 S.E.2d 676, 678-679 (S.C. 1982); State v. Hawkins, 425 S.E.2d 50, 53 (S.C. Ct. App. 1992).  Further, the state court found that nothing in S.C. Code § 14-5-410 deprived the court of jurisdiction to try his case, and  claims involving the application and interpretation of a state statute are not cognizable in federal habeas actions absent a showing of a federal constitution violation.  Ashford v. Evans, 780 F.2d 405, 407 (4th Cir. 1985); Estelle v. McGuire, 502 U.S. 62, 67 (1991)[It is not the province of a federal habeas court to re-examine state court determinations of state law questions.]; Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007) ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL 4302429 at *4  (W.D.Ky.  Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]; Shepler v. Evans, No. 99-7021, 1999 WL 542885 at **2 (10th Cir. 1999), cert. denied, 528 U.S. 1077 (2000). There has been no showing of a federal constitutional violation in this case.

Accordingly, since Petitioner has failed to present the substance of a federal constitutional claim in these allegations for relief, these claims should be dismissed.

**II**.

In Ground Two of his Petition, Petitioner contends that his counsel was ineffective when he failed to suppress testimony that was obtained in violation of a state statute.  Petitioner contends that the conduct involving this testimony manifested a criminal conspiracy involving the trial judge, Petitioner's trial counsel, and the State, because it was their only evidence to obtain Petitioner's conviction.  However, the issue presented and exhausted in Petitioner's APCR concerning this testimony was a claim of ineffective assistance of counsel for failing to suppress the



testimony. (R.p. 166)  Although Petitioner did also argue a separate prosecutorial misconduct claim in his brief concerning the prosecutor offering Nash (the witness) a deal in exchange for his testimony; (R.p. 168); the PCR judge did not address any claim concerning prosecutorial misconduct in his order, and that claim is therefore procedurally barred from consideration by this Court.  <u>See</u> discussion, <u>infra</u>.

  With regard to Petitioner's ineffective assistance of counsel claim concerning the issue raised in his APCR, the PCR court rejected this claim, again making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See</u> <u>Simmons v. State of South Carolina</u>, No. 06-CP-23-3576.  Specifically, the PCR judge found with regard to this issue that: 1) Petitioner failed to meet his burden of  proving trial counsel erred in failing to suppress Nash's testimony; 2) upon reviewing the trial transcript and hearing the testimony and arguments of counsel at the evidentiary hearing, there was no legitimate ground to suppress Nash's testimony; 3) Petitioner's allegation seemed to be that Nash's testimony was suspect because he had received a beneficial plea deal from the State; 4) it was brought out at trial that Nash (a co-defendant) had pled to the charges in exchange for a sentence under the Youthful Offender Act ("YOA") (S.C. Code § 24-19-10 to -160); and 5) as this information was before the jury, they were free to factor it into their evaluation of Nash's credibility and it was not incumbent upon trial counsel to further challenge this testimony.  (R.pp. 220-221).

  Although, as previously noted, the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.  <u>Strickland v. Washington</u>, 466 U.S. 668, 698 (1984); <u>Pruett v. Thompson</u>, 996 F.2d.



1560, 1568 (4th Cir. 1993), <u>cert.</u> <u>denied</u>, 114 S.Ct. 487 (1993) (citing <u>Clozza v. Murray</u>, 913 F.2d.

1092, 1100 (4th Cir. 1990), <u>cert.</u> <u>denied</u>, 499 U.S. 913 (1991)).  Nevertheless, since Petitioner's

ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state

court, this Court's review remains limited by the deferential standard of review set forth in 28 U.S.C.

§2254(d), as interpreted by the Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000).  <u>See</u>

<u>Bell v. Jarvis</u>, <u>supra</u>; <u>see</u> <u>also</u> <u>Evans</u>, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas

relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only

where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the Supreme Court of the United

States", or "resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful

of this deferential standard of review in considering Petitioner's ineffective assistance of counsel

claim.

       Where allegations of ineffective assistance of counsel are made, the question becomes

"whether counsel's conduct so undermined the proper functioning of the adversarial process that the

trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. at 694.  In <u>Strickland</u>,

the Supreme Court articulated a two prong test to use in determining whether counsel was

constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.

This requires showing that counsel made errors so serious that counsel's performance was below the

objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner

must show that counsel's deficient performance prejudiced the defense such that the Petitioner was

deprived of a fair trial.  In order to show prejudice a Defendant must show that there is a reasonable

11



probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 266, 269 (4th Cir. 1996).

Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Petitioner testified that Nash was promised that the State would recommend an active YOA sentence if he testified against Petitioner truthfully and completely. (R.p. 189). Petitioner argued that this was a violation of S.C. Code § 8-13-705, which makes it unlawful to "purchase" testimony, and also argued that Nash's testimony made a mockery of the justice system and was a result of a conspiracy. (R.pp. 189, 194-195). However, trial counsel testified that the State was up front about the deal that Nash had for the YOA sentence, and that he brought this "sweet deal" out in his opening statement, cross-examined Nash "real hard" about it, and argued it in his final argument. (R.pp. 206-207). Nash also testified during his direct examination that the State had recommended that he be sentenced under the YOA in exchange for him telling the truth, and further testified about his YOA recommendation in his cross-examination. (R.pp. 60, 68). Petitioner's counsel then argued in his closing argument that the only evidence to put Petitioner at the scene was Nash and that Nash was "getting a good deal, and he's got to pick a name out of a hat." (R.p. 130, see also, pp. 121-130).

The state court found no indication of ineffective assistance in this evidence, and there is no basis in this record to overturn the findings of the State Court. Evans, 220 F.3d at 312. Petitioner has not shown that his counsel was ineffective for failing to suppress this testimony, nor has he even set forth any basis under state law for this testimony to have been suppressed. Accordingly, Petitioner has also failed to show that the outcome of his trial would have been different

12



even if his counsel had moved to suppress Nash's testimony.

Nor has Petitioner shown that the state court's rejection of this claim was unreasonable. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Williams v. Taylor</u>, <u>supra</u>. <u>Bell</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Petitioner's claim that his counsel was ineffective on this ground is therefore without merit, and should be dismissed. <u>Fisher</u>, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

With regard to Petitioner's allegations concerning prosecutorial misconduct and any conspiracy with the trial judge, as noted the PCR judge did not discuss these issues. Indeed, the issue concerning the trial judge was not even raised in Petitioner's PCR application. (P.p. 168). As for the PCR court not addressing Petitioner's argument concerning prosecutorial misconduct, the Petitioner did not file any motions seeking to obtain a ruling on this or any other issue, even though such a motion was necessary to preserve this claim, since a "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order." <u>Al-Shabazz v. State</u>, 527 S.E.2d 742, 747 (S.C. 2000)(citing <u>Pruitt v. State</u>, 423 S.E.2d 127, 128 n. 2 (S.C. 1992)[issue must be raised and ruled on by the PCR judge in order to be preserved for review]; <u>Marlar v. State</u>, 653 S.E.2d 266, 267 (S.C. 2007)["Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his



allegations, the issues were not preserved for appellate review . . . ."]; <u>Humbert v. State</u>, 548 S.E.2d 862, 865 (S.C. 2001); <u>Plyler v. State</u>, 424 S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; <u>see</u> Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order]; <u>Primus v. Padula</u>, 555 F.Supp.2d 596, 611 (D.S.C. 2008); <u>Smith v. Warden of Broad River Correctional Inst.</u>, No. 07-327, 2008 WL 906697 at * 1 n. 1 (D.S.C. Mar. 31, 2008); <u>McCullough v. Bazzle</u>, No. 06-1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007)(citing <u>Al-Shabazz</u>, 577 S.E.2d at 747).

   In Petitioner's initial brief on his direct appeal, he did make a reference to the solicitor's conduct when addressing his argument concerning a conflict of interest with trial counsel. <u>See</u> Respondent's Exhibit 6, p. 9.  However, that brief reference did not constitute raising the issue in his direct appeal.  <u>See</u> Rule 208(b)(1)(B)[ordinarily no point will be considered that is not set forth in the statement of issues on appeal]; <u>Cf.</u> <u>Joseph v. Angelone</u>, 184 F.3d 320, 328 (4th Cir. 1999), <u>cert. denied</u>, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting <u>Townes v. Murray</u>, 68 F.3d 840, 846 (4th Cir. 1995)(quoting <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir. 1994)).  In any event, the South Carolina Supreme Court struck that brief.  <u>See</u> Respondent's Exhibit 5.  In Petitioner's final brief, he only made reference to this issue when asserting an ineffective assistance of counsel claim.  <u>See</u> Respondent's Exhibit 8, pp.



9-10.[8]

     Therefore, since Petitioner did not properly preserve this claim in his PCR proceeding, it is barred from further state collateral review; <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S. 560, 562 n. 3 (1971); <u>Wicker v. State</u>, 425 S.E.2d 25 (S.C. 1992); <u>Ingram v. State of S.C.</u>, No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this issue, it is fully exhausted. <u>Coleman v. Thompson</u>, 501 U.S. 722, 735, n.1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], <u>cert</u>. <u>denied</u>, 117 S.Ct. 854 (1997); <u>Aice</u>, 409 S.E.2d at 393; <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], <u>cert</u>. <u>denied</u>, 522 U.S. 833 (1997); <u>Ingram</u>, 1998 WL 726757 at **1.

     However, even though technically exhausted, since this issue was not properly pursued by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. <u>Wainwright v. Sykes</u>, 433 U.S. 72

---

     [8]Even if Petitioner arguably attempted to raise these issues in his <u>pro</u> <u>se</u> appellate brief, they could not have been considered on appeal. <u>State v. Johnson</u>, 510 S.E.2d 423, 424 (S.C. 1999)[issue not preserved at trial cannot be raised for the first time on direct appeal]**.**



(1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989), <u>cert. denied</u>, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Coleman</u>, 501 U.S. at 750.

Petitioner has not shown any cause for his default of this claim, but instead argues that as long as he raised this issue in state court, it was not necessary for the judge to rule on it in order to preserve the claim. However, the undersigned has already addressed the requirement for the state court to rule on a claim in order for it to be preserved. <u>See</u> discussion, <u>supra</u>. Further, to the extent that Petitioner may be attempting to argue that his PCR counsel was ineffective for failing to properly pursue these claims in his PCR action, this argument does not provide cause for a default of this claim. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." <u>Murray v. Carrier</u>, 477 U.S. 488 (1986); <u>see also</u> <u>Coleman v. Thompson</u>, <u>supra</u>; <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991); <u>Noble v. Barnett</u>, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause <u>per se</u> in the procedural default context"); <u>Smith v. Dixon</u>, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation. <u>Ortiz v. Stewart</u>, 149 F.3d 923, 932 (9th Cir. 1998); <u>Bonin v. Calderon</u>, 77 F.3d 1155, 1159 (9th Cir. 1996).

16



Here, Petitioner has failed to show the necessary "cause" for his procedural default because, to the extent that Petitioner is claiming that his PCR counsel did not pursue these claims, ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default.  Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings.  A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment.  Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932  (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

Accordingly, Petitioner has failed to show cause for his procedural default on this claim.  Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].  Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this issue is not considered.  see, Wainwright v. Sykes, supra; Murray v. Carrier, supra; Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray, 477 U.S. at

17



496)); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881

(S.D.Fla. 1995)).  To prevail under an "actual innocence" theory, Petitioner must produce new

evidence that was not available at trial to show his factual innocence.  <u>Royal v. Taylor</u>, 188 F.3d 239,

244 (4th Cir. 1999).  Further, Petitioner must "demonstrate actual factual innocence of the offense or

conviction; i.e., that petitioner did not commit the crime of which he was convicted."  <u>United States</u>

<u>v. Mikalajunas</u>, 186 F.3d 490, 494 (4th Cir. 1999).  He has failed to do so.

Therefore, the remainder of this claim is procedurally barred from consideration by

this Court, and must be dismissed.  <u>See</u> 28 U.S.C. § 2254.

### III.

In Ground Three of his Petition, Petitioner contends that the prosecutor denied him

a fair trial when he allegedly vouched for a witness.  Respondent asserts that Petitioner did not

properly pursue this issue in his direct appeal or APCR, and argues that this issue is therefore

procedurally barred from consideration by this Court.  The undersigned agrees.  While referenced

by the Petitioner in his PCR application; (R.p. 168); this issue was only addressed as an ineffective

assistance of counsel claim in the PCR order.  It was not addressed as an independent claim.  (R.p.

221).  <u>Cf.</u> <u>Joseph</u>, 184 F.3d at 328 ["In order to avoid procedural default, the 'substance' of [the]

claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to]

be presented face-up and squarely.  Oblique references which hint that a theory may be lurking in

the woodwork will not turn the trick."]; <u>Plyler v. State</u>, 424 S.E.2d at 478-480 [issue must be both

raised to and ruled upon by PCR judge to be preserved for appellate review]; <u>Judge v. State</u>, 471

S.E.2d 146, 148, n. 1. (S.C. 1996), <u>rev'd on other grounds</u>, <u>Jackson v. State</u>, 535 S.E.2d 926 (S.C.

2000).



Therefore, since the issue presented in Ground Three of this Petition was not raised in Petitioner's direct appeal or properly exhausted his APCR, it is procedurally barred from further state collateral review , is procedurally defaulted; <u>Whiteley</u>, 401 U.S. at 562 n. 3; <u>Wicker v. State</u>, <u>supra</u>; <u>Ingram</u>, 1998 WL 726757 at **1; <u>Josey</u>, 2001 WL 34085199 at * 2; <u>Aice</u>, 409 S.E.2d at 393; and fully exhausted. <u>Coleman</u>, 501 U.S. at 735, n.1; <u>Teague</u>, 489 U.S. at 297-298; <u>George</u>, 100 F.3d at 363; <u>Matthews</u>, 105 F.3d at 911.  Further, since this claim was not pursued or exhausted by Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Waye</u>, 884 F.2d at 766; <u>Coleman</u>, 501 U.S. at 750.

To the extent that Petitioner may be attempting to argue that his  PCR counsel was ineffective for failing to properly pursue this claim in his PCR action, this argument does not provide Petitioner relief; <u>see</u> discussion, <u>supra</u>; as ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default.  <u>Murray v. Giarratano</u>, 492 U.S. at 1-7, 13; <u>Mackall</u>, 131 F.3d at 447-449; <u>Ortiz</u>, 149 F.3d at 932; <u>Pollard</u>, 28 F.3d at 888; <u>Lamp</u>, 122 F.3d at 1104-1105; <u>Parkhurst</u>, 128 F.3d at 1371; <u>Williams</u>, 945 F.2d at 932; <u>Gilliam</u>, 1998 WL 17041 at *6.  Accordingly, he has failed to show cause for a procedural default on this issue.  <u>See</u> discussion, <u>supra</u>; <u>see also</u> <u>Rodriguez</u>, 906 F.2d at 1159.  Petitioner has also failed to show that a fundamental miscarriage of justice will occur if this claim is not considered. <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, <u>supra</u>; <u>Rodriguez</u>, 906 F.2d at 1159; <u>Sawyer</u>, 505 U.S. at 348; <u>Bolender</u>, 898 F.Supp. at  881.

Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254.



## IV.

In Ground Four of the Petition, Petitioner contends that he was denied due process and equal protection because he was required to stand trial on indictments not returned by a legal grand jury.  Respondent again argues that this issue is procedurally barred because Petitioner did not properly raise it in his direct appeal.

Although Petitioner did discuss due process and equal protection in his direct appeal brief, he did not make any reference regarding the grand jury or assert any issues regarding the grand jury other than with regard to his claim that he was entitled to a preliminary hearing.  See Respondent's Exhibit 8, pp. 6-8. This claim also was not addressed as a free standing issue by the appellate court. (R.p. 153).  While Petitioner also argues that he attempted to assert this issue in his Motion for Rehearing filed in his PCR appeal; see Respondent's Exhibit 10, p. 2; a petition for rehearing is not a proper filing in which to raise an issue that was not previously before the Court in the underlying writ of certiorari.  See Rule 208(b)(1)(B)[ordinarily no point will be considered that is not set forth in the statement of issues on appeal].  Cf. Primus v. State, 564 S.E.2d 103, 107 (S.C. 2002)[An issue not raised in brief to the Court of Appeals is not properly preserved for the Supreme Court's consideration on writ of certiorari], overruled on other grounds, State v. Gentry, 610 S.E.2d 494 (S.C. 2005).  Under the South Carolina Rules, a petition for rehearing "*shall* state with particularity the points supposed to have been *overlooked or misapprehended* by the court."  Rule 221(a), SCACR [emphasis added]; Arnold v. Carolina Power and Light, 167 S.E. 234, 238 (S.C. 1933).  That was not the case with respect to this issue, which was not even set forth as a claim in Petitioner's appeal. Cf Joseph, 184 F.3d at 328 (quoting Townes, 68 F.3d at 846)(quoting Mallory, 27 F.3d at 995)).



Petitioner also argues that he is pursuing Ground Four based on subject matter jurisdiction, which can be "raised at any time". However, the ability to challenge a state court's subject matter jurisdiction "at any time" should "actually be phrased 'at any time he is in state court'". Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007). It is not for this Court to determine such issues of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991)["federal habeas corpus relief does not lie for errors of state law."]; Thompson, 2007 WL 2579570, at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL 4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"] Further, this would not appear to even be a "subject matter jurisdiction" claim under state law. Gentry, 610 S.E.2d at 499 ["[S]ubject matter jurisdiction of the circuit court and the sufficiency of the indictment are two distinct concepts and the blending of these concepts serves only to confuse the issue. Circuit courts obviously have subject matter jurisdiction to try criminal matters"].

Finally, although Petitioner does not attempt to present "cause" for his procedural default on this issue, he does argue that it will be a miscarriage of justice for this claim not to be considered. As previously discussed, however, Petitioner has failed to show a miscarriage of justice in this case. See discussion, supra. See also Ashford, 780 F.2d at 407 ["[D]eficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process."]. Therefore, this issue is procedurally barred from consideration by this Court, and should be dismissed.



## <u>Conclusion</u>

Based on the foregoing, it is recommended that Respondents' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina

February 20, 2009

22



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

