## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

Michael Derrick Simmons, #240526, )
                                             )

                Petitioner,         )

                                             )      Civil Action No.: 0:08-CV-1028-PMD-PJG

                v.               )

                                             )

Richard Bazzle,                  )      **ORDER**

                                           )

                Respondent.       )
_____)

This matter is before the court upon Petitioner Michael Simmons' ("Petitioner") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that Respondent Richard Bazzle's ("Respondent") Motion for Summary Judgment be granted and that Petitioner's section 2254 petition be dismissed. Having reviewed the entire record, including Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## PROCEDURAL HISTORY

Petitioner "conceded" the R&R's procedural history without objection; thus, the court adopts it as its own.

Petitioner was indicted in November 2003 in Greenville County for burglary in first degree, two counts of armed robbery, and one count of attempted armed robbery. (R. at 225–26; 228–29; 231–32; 234–35.) Petitioner was represented by C. Timothy Sullivan and was tried by a jury on February 10 and 11, 2004, which found Petitioner guilty of burglary in the first degree and three counts of attempted armed robbery. (R. at 120; 146.) Petitioner was sentenced by the

trial judge to twenty years for the burglary charge and twenty years, concurrent, on each of the three attempted armed robbery charges. (R. at 148–49; 224; 227; 230; 233.)

Petitioner timely filed a direct appeal of his conviction. Petitioner was initially represented on appeal by Eleanor Duffy Cleary, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On November 10, 2004, however, the South Carolina Court of Appeals granted Petitioner's petition to relieve appellate counsel. Petitioner then raised the following issues in a *pro se* brief:

1)  Did the Greenville County Sheriff's Department obtain cause to arrest Appellant?

2)  Did the Court of General Sessions have jurisdiction to try Appellant, after Appellant was denied the right to a timely requested preliminary hearing?

3)  Did the trial judge err, when he forced Appellant to stand trial with his lawyer, after Appellant had proven a conflict of interest between the lawyer and client during the pretrial stage of the case?

4)  Did the trial judge err when he let this case go to the jury with evidence that only raised a suspicion of guilt of Appellant?

(*See* Respondent's Exhibit 6, p. 3.) The State moved to strike this amended "Initial Brief" and "Designation of Matter," (Resp. Ex. 7) and on July 12, 2005, the South Carolina Court of Appeals granted the State's motion to strike. (Resp. Ex. 5.) Petitioner then filed a Final Appellant's Brief on October 19, 2005, in which he presented the following issues:

1)  Whether the Greenville County Sherriff's Department had probable cause?

2)  Were Appellant's rights violated when he was denied a preliminary hearing?

(Resp. Ex. 8, p. 3.)

The South Carolina Court of Appeals affirmed Petitioner's convictions on March 8, 2006. (*State v. Simmons*, Memo. Op. No. 2006-UP-132 (S.C. Ct. App. 2006; R. at 151–54.) Petitioner filed a Motion for a Rehearing dated March 13, 2006, which was denied by the South Carolina

Court of Appeals on April 20, 2006. (Resp. Ex. 11.) The Remittitur was sent down on May 25, 2006. (Resp. Ex. 12.) On June 5, 2006, Petitioner filed an application for post-conviction relief (APCR") in state circuit court. (R at 155–70.) Petitioner raised the following issues in his APCR:

1) Subject Matter Jurisdiction;

2) Ineffective Assistance of Counsel; and

3) Prosecutorial Misconduct.

(R. at 157.) Petitioner was represented by Caroline M. Horlbeck, and an evidentiary hearing was held on Petitioner's PCR application on February 28, 2007. (R. at 177–214.) The PCR judge dismissed the APCR in its entirety on March 21, 2007. (R. at 215–23.)

Petitioner then filed a Petition for Writ of Certiorari. Petitioner was represented on appeal by Robert M. Pachak of the South Carolina Office of Appellate Defense, who filed a *Johnson* petition raising the following issue:

> Whether defense counsel was ineffective in failing to request a jury instruction that statements made by co-defendants should be received with caution?

(Resp. Ex. 13, p. 2.) Petitioner also field a *pro se* Petition for Certiorari, asserting the following claims:

1) Whether trial judge had subject matter jurisdiction pursuant to Statutory Construction?

2) Whether it was proper conduct for Representatives of this State to purchase testimony in violation of Statutory Language?

3) Whether the PCR court erred when it ruled there was no legitimate[] ground to suppress Nash's testimony?

4) Whether the prosecutor committed misconduct in vouching for Nash's testimony?

5) Whether Petitioner's rights to Due Process and Equal Protection of Law [were] violated when he was forced to stand trial on indictments [that were] not returned by a legal[ly] constituted Grand Jury by Statutory Language?

(Resp. Ex. 14, p. 2.)  The South Carolina Supreme Court granted counsel's petition to be relieved and denied certiorari in an unpublished order filed March 7, 2008. (Resp. Ex. 16.) The Remittitur was issued on March 25, 2008. (Resp. Ex. 17.)

Petitioner then filed this *pro se* Petition for writ of habeas corpus in the United States District Court, raising the following claims:

**Ground One**: Denial of Procedural Due Process (Subject-Matter Jurisdiction);

**Ground Two**: Denial of Effective Assistance of Counsel;

**Ground Three**: Denial of Fair Trail

**Ground Four**: Denial of Due Process and Equal Protection of Law.

(Petition at 6–11.) In his R&R, the Magistrate Judge recommended the court grant Respondent's Motion for Summary Judgment and dismiss Petitioner's Petition.

## STANDARD OF REVIEW

### I.  Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

## II.    <u>Magistrate Judge's R&R</u>

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### <u>DISCUSSION OF PETITIONER'S OBJECTIONS</u>

## I.    <u>Denial of Procedural Due Process and Lack of Subject-Matter Jurisdiction for Failure to Hold a Preliminary Hearing and Holding Court Out of Term</u>

In ground one of his petition, Petitioner contended that he was denied procedural due process and that the state court lacked subject matter jurisdiction because he did not receive a preliminary hearing and his trial was held outside the General Sessions term of court. (Petition at 6.) The record reveals that the South Carolina Court of Appeals dismissed Petitioner's claim that

he was denied procedural due process because he did not receive a preliminary hearing. The

court noted:

> [A] defendant does not have a constitutional right to a preliminary hearing in
> South Carolina. *State v. Keenan*, 278 S.C. 361, 296 S.E.2d 676 (1982).
> [Petitioner's] indictments constituted a finding of probable cause and thus
> eliminated the need for a preliminary hearing. *State v. McClure*, 277 S.C. 432,
> 289 S.E.2d 158 (1982). Significantly, [Petitioner's] attorney declined to request a
> hearing because he felt it was clear the state had probable cause. We find no error
> on appeal.

(R. at 153.) Petitioner then presented both of these claims in his application for post-conviction

relief. (R. 162–69.) At his PCR hearing, Petitioner argued that:

> [S]ection 22-5-320, states that when a defendant has demanded a preliminary
> hearing, the case should not be transmitted to the Court of General Sessions or
> submitted to the Grand Jury and the Magistrate to retain jurisdiction until after
> such preliminary hearing. Now, being that this notice was timely filed, it violated
> my 14th Amendment right to proceed with due process.

(R. at 193.) Petitioner also testified at his hearing that the trial court lacked subject matter

jurisdiction under S.C. Code § 14-5-410 because his trial was held in February, which was a

Common Pleas term of court. (R. at 193–94.) Petitioner's trial counsel testified that he tells

clients that they usually will not have a preliminary hearing if they have a bond hearing because

he gets the same, if not more, information from a bond hearing. Counsel also testified that

Petitioner had a bond hearing which covered the same information that would have been brought

out at a preliminary hearing. (R. at 203–05.)

After consideration, the PCR judge rejected Petitioner's claims, making relevant findings

of fact and conclusions of law in accordance with S.C. Code Ann. § 17-27-80. (R. at 215.)

Specifically, the PCR judge found that (1) Petitioner's allegations regarding subject matter

jurisdiction were without merit; (2) trial counsel properly determined that, based on the

discovery material and bond hearing, a preliminary hearing was unnecessary and Petitioner's

counsel waived the right to such hearing on behalf of Petitioner; and (3) the allegation regarding S.C. Code Ann. §14-5-410 does not involve the issue of subject matter jurisdiction. (R. at 222.)

The Magistrate Judge agreed with the state court's decision and found that Petitioner's counsel waived the right to his preliminary hearing and that the record provides no basis to find a due process violation. (R&R at 9.) Furthermore, the Magistrate Judge concluded that claims involving the application and interpretation of state statutes are not cognizable in federal habeas actions absent a showing of a federal constitutional violation and that no federal constitutional violation existed in the state court's determination that nothing in S.C. Code § 14-5-410 deprived the court of jurisdiction to try Petitioner's criminal case. (*Id.*)

Before addressing Petitioner's objections on this claim, the court must be mindful that substantial deference is to be given to a state court's findings of fact. *Evans v. Smith,* 220 F.3d 306, 311–12 (4th Cir. 2000) ("We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence.") (citing 28 U.S.C. § 2254(e)(1)). Furthermore, the court's review is limited by the deferential standard set forth in 28 U.S.C. § 2254(d). Under §§ 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings *only* where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding.

In his Objections, Petitioner makes it clear that he is not asserting an ineffective assistance of counsel claim under a theory that his counsel should not have waived preliminary hearing. (Objections at 2.) Petitioner asserts that his claim "refers to the timely request that was

7

made for such hearing." (*Id.*) At the very beginning of his criminal trial, Petitioner addressed Judge C. Victor Pyle about his desire for a preliminary hearing. The Petitioner explained to Judge Pyle that if he had a preliminary hearing he would have been able to question the witnesses in his case, but Judge Pyle informed him that preliminary hearings do not consist of live witnesses and continued with Petitioner's trial. (R. at 6–7.) Petitioner's counsel testified at the PCR hearing that Petitioner had a bond hearing, that Petitioner got the same information out of that hearing as he would in a preliminary hearing, and that he felt it was clear the state had probable cause.

Finally, the record indicates that the South Carolina Court of Appeals and the PCR judge found that Petitioner's indictments constituted a finding of probable cause and thus eliminated the need for a preliminary hearing. Petitioner has not made a showing that these decisions constitute an unreasonable determination of the facts in light of the evidence presented. *State v. McClure*, 277 S.C. 432, 289 S.E.2d 158 (1982) ("[A] defendant's right to request a preliminary hearing is provided solely by state statute. It is not required by either the State or Federal Constitution and is not necessary before a grand jury can indict a person for a crime."). As Petitioner conceded in his objections, a defendant does not have a constitutional right to a preliminary hearing, and he has not made a showing that his failure to have one violated his constitutionally protected federal rights in anyway.

With regard to Petitioner's assertion that the court lacked subject matter jurisdiction over his case when it tried his case outside its statutorily determined term of court pursuant to S.C. Code §14-5-410, federal habeas relief is not an available remedy for such an assertion. The PCR judge found that section 14-5-410 did not involve the issue of subject matter jurisdiction, and "a state court's interpretation of state law, including one announced on direct appeal of the

challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Pulley v. Harris*, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law."). Therefore, the court finds that the court did not lack subject matter jurisdiction or violate Petitioner's procedural due process rights by failing to hold a preliminary hearing and trying the Petitioner's case in February 2004, and grants Respondent's Motion for Summary Judgment on this claim.

## II.    Denial of Effective Assistance of Counsel

In ground two of his Petition, Petitioner contended that his counsel was ineffective when he failed to suppress testimony that was obtained in violation of a state statute and that this allegedly ineffective assistance of counsel manifested a criminal conspiracy involving the trial judge, Petitioner's trial counsel, and the State because it was their only evidence to secure Petitioner's conviction.

### a.    Procedurally-barred claims

The Magistrate Judge found that, to the extent Petitioner attempts to assert claims of prosecutorial misconduct and any conspiracy involving the trial judge, those claims are procedurally barred from consideration. The South Carolina Supreme Court has recently reiterated the general rule that a PCR judge must make specific findings of fact and conclusions of law for an issue to be preserved for appellate review, and a Rule 59(e) motion must be filed if issues are not adequately addressed in order to preserve those issues for appellate review. *Marlar v. State*, 375 S.C. 407, 410, 653 S.E.2d 266, 267 (2007) (citing *Pruitt v. State*, 310 S.C. 254, 423 S.E.2d 127, 128 n.2 (1992)). Regarding the allegation that the trial judge was part of a conspiracy against Petitioner, the Petitioner did not raise this issue in his PCR application, and in

his Objections, Petitioner admits that he failed to do so. (Objections at 4.)[1] With regard to any prosecutorial misconduct, a review of the PCR court's order reveals that the judge did not set forth any specific findings of fact or reach any conclusions of law regarding any conduct of the prosecutor nor does the record contain a Rule 59(e) motion asking the court to do so. Therefore, the court finds that neither of these issues was properly persevered for appellate review by the South Carolina Supreme Court on certiorari; thus, both are procedurally defaulted.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, (1991). In his Objections, Petitioner implicitly argues that sufficient "cause" and "prejudice" exist; therefore, the court should disregard the procedural default. First, Petitioner asserts that S.C. Code section 17-27-80, which states that a court considering an application for post-conviction relief "shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented," prevents his prosecutorial misconduct claim from being procedurally barred. Essentially, Petitioner argues that the state court judge had a mandatory, statutory obligation to address all of the issues Petitioner presented to him; therefore, Petitioner cannot be penalized for the state court judge's mistakes. Contrary to Petitioner's argument, it does not appear from the record that this claim was independently pursued in a manner that the PCR judge would have thought he needed to address the issue in his order. The Fourth Circuit has stated, "In

---

[1] To the extent that Petitioner, in his Objections, directs the court's attention to page 195 (line 8–10) of the PCR hearing transcript to assert that he raised this issue of the trial judge's conduct to the PCR judge, the court finds that Petitioner only referenced to the trial judge when asserting his ineffective assistance of counsel claim.

order to avoid procedural default, the substance of a claim must have been fairly presented in state court. That requires the ground relied upon to be presented face-up and squarely. Oblique references, which hint that a theory may be lurking in the woodwork, will not turn the trick." *Joseph v. Angelone*, 184 F.3d 320, 328 (4th Cir. 1999). Petitioner has not directed the court's attention to any part of the record that reveals he "presented face-up and squarely" his claims of prosecutorial misconduct and any conspiracy involving the trial judge to the PCR court. Thus, this objection by Petitioner is without merit.

Secondly, Petitioner attempts to show "cause" and "prejudice" to excuse the procedural default by arguing that his PCR attorney had the responsibility to file a Rule 59(e) motion once he or she received the court's order which did not address all the issues presented. (Objections at 5.) When attorney error amounts to constitutionally ineffective assistance of counsel, it may provide the cause necessary to excuse a procedural default. *Mackall v. Angelone*, 131 F.3d 442, 446 (4th Cir. 1997). In order to constitute constitutionally ineffective assistance of counsel, however, a constitutional right to effective assistance of counsel must first exist. *Id.* In this case, Petitioner had no constitutional right to effective assistance of counsel in his state post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Accordingly, the alleged deficient performance of PCR counsel cannot establish "cause" to excuse Petitioner's defaulted claims, and his objection is without merit. *Mackall*, 131 F.3d at 449 (finding that because a petitioner had no right to effective assistance of counsel in his state habeas proceedings, he could not demonstrate cause to excuse the procedural default of his claims).

Thus, the court finds that Petitioner's attempts to assert claims of prosecutorial misconduct and any conspiracy involving the trial judge are procedurally barred from consideration, and grants summary judgment in favor of the Respondent on these claims.

11

**b.  Attorney's Failure to Suppress Petitioner's Co-Defendant's Testimony**

Petitioner also argued that his attorney failed to effectively assist him at trial by failing to suppress Jeremy Nash's testimony, which Petitioner believes was influential testimony "purchased" by the State through a beneficial plea deal. At his hearing, Petitioner testified that Nash, a co-defendant, was promised by the State a recommendation for an active Youthful Offender Act ("YOA") sentence if he testified against Petitioner truthfully and completely. (R. at 189.) Petitioner argued that this recommendation for a reduced sentence "bought" or "purchased" influential testimony from Nash, in violation of S.C. Code § 8-13-705(C), which makes it unlawful to give or receive "value" for influential testimony. Petitioner also argued at his hearing that Nash's testimony made a mockery of the justice system and was a result of a conspiracy. (R. at 194–95.) With regard to this claim, the PCR judge concluded that Petitioner failed to meet his burden of proving trial counsel erred in failing to suppress Nash's testimony and found the following: after conducting a hearing and reviewing the trial transcript, there was no legitimate ground to suppress Nash's testimony; Nash's plea deal from the State was brought out at trial for the jury to freely consider in evaluating Nash's credibility; and that it was not incumbent upon trial counsel to further challenge Nash's testimony. (R. at 220–21.) The Magistrate Judge also found that Petitioner failed to meet his burden of showing that trial counsel was ineffective under the *Strickland* standard. (R&R at 12.)

Two standards control the court's evaluation of Petitioner's ineffective assistance of counsel claim. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). *Strickland v. Washington* states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was

12

deficient and, second, that counsel's deficient performance prejudiced the defense. *Washington*, 466 U.S. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir. 2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id.* Petitioner has the burden of showing that trial counsel was ineffective under this standard. *Smith v. North Carolina*, 528 F.2d 807, 809 (4th Cir. 1975) (citing *Johnson v. Zerbst*, 304 U.S. 458 (1938)).

Having identified the governing Supreme Court law, the court must also give deference to the state court's adjudications made pursuant to that law, as required by 28 U.S.C. § 2254(d). The court may grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). A state court decision is contrary to clearly established

federal law if the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362 (2000). A state court decision unreasonably applies clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

In his Objections, Petitioner attempts to satisfy the first prong of the *Strickland* standard by arguing that his counsel performed deficiently by failing to move to suppress Nash's testimony on the grounds that it violated S.C. Code Ann. § 8-13-705 since it "had been purchased." (Objections at 3.) Petitioner further supports this position by arguing that his counsel testified at the PCR hearing that Nash's testimony "had been purchased and was the only evidence the State had for this case." (*Id.*) To satisfy the second prong of the *Strickland* standard, that the outcome of his trial would have been different had his counsel moved to suppress Nash's testimony, Petitioner points to his counsel's testimony at the PCR hearing, in which his counsel indicated that without Nash's testimony, no other evidence in the record put Petitioner at the scene of the crime. (Objections at 4.)

The court finds that Petitioner does not offer any convincing evidence or argument to establish that his counsel performed deficiently by failing to move to suppress his co-defendant's testimony. First, the record does not contain evidence that supports a suppression of Nash's testimony based on a violation of S.C. Code Ann. § 8-13-705, and Petitioner does not set forth any other basis under state law for this testimony to have been suppressed. Both state and federal prosecutors regularly offer plea agreements that include recommendations for a reduced sentence in order to get co-defendants to cooperate with their investigation and to offer truthful testimony

14

in their criminal prosecution of other criminal defendants. Such routine conduct does not violate the mandates of S.C. Code Ann. § 8-13-705, whose prohibition against the giving of "value" suggests that the giving money or some other financial gain to a person for influential testimony constitutes unlawful conduct. *See In re Yarborough*, 380 S.C. 104, 668 S.E.2d 802 (2008) (noting that an attorney was indicted for offering a witness money with the intent to influence testimony in violation of section 8-13-705).

Secondly, when asked at the PCR hearing if any motion was made to try to exclude any part of Nash's testimony, Petitioner's counsel explained that he "thought it went to believability and credibility [rather] than admissibility. [The jury] didn't have to believe him but they could." (R. at 210.) Furthermore, the record reveals that, although Petitioner's counsel did not move to suppress the evidence, he did his best to impress on the jury that Nash's testimony was suspect because he had received a beneficial plea deal from the State.  As the Magistrate Judge pointed out, Petitioner's trial counsel testified that the State was up front about the deal that Nash had for the YOA sentence; that he brought the deal out in his opening statement; that he cross-examined Nash about it; and argued it in his final argument. (R. at 206–207.) Nash testified during his direct examination that the State had recommended that he be sentenced under the YOA in exchange for telling the truth and testified about his YOA recommendation in his cross-examination. (R. at 60, 68.) Petitioner's counsel then argued in his closing argument that the only evidence to put Petitioner at the scene was Nash and that Nash was "getting a good deal, and he's got to pick a name out of a hat." (R. at 130.) Finally, Petitioner offered no evidence that the State's beneficial plea bargain influenced Nash's testimony, and Nash testified that he would only receive the recommendation for a reduced sentence from the State if he told the truth. (R. at 60.)

15

Based on this record, the state court found no indication of ineffective assistance of counsel, and the court cannot find any basis in this record to overturn its findings. Since the court finds that Petitioner's counsel did not make any errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment, the court does not address the second prong of Petitioner's claim under the *Strickland* standard. Additionally, Petitioner has not shown that the state court's rejection of his ineffective assistance of counsel claim was unreasonable. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (noting that federal habeas relief will not be granted on a claim adjudicated on the merits by a state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding). Thus the court grants Respondent's Motion for Summary Judgment on this claim.

### III.    Denial of Fair Trial

In ground three of his Petition, Petitioner contends that the prosecutor denied him a fair trial when he allegedly "vouched for a witness." The Magistrate Judge found that Petitioner did not properly pursue this issue in his direct appeal or application for post-conviction relief, and therefore, the issue is procedurally barred from consideration by the court. (R&R at 18.) The court agrees. While Petitioner did reference the prosecutors allegedly "vouching" of a witness's credibility in his application for post-conviction relief, (R. at 168), it does not appear to have been pursued as an independent claim, and the PCR judge did not address the issue in his order. Finally, Petitioner did not file a Rule 59(e) motion; thus, the issue was not properly preserved for appellate review by the South Carolina Supreme Court. *Marlar v. State*, 375 S.C. 407, 410, 653 S.E.2d 266, 267 (2007).

As already expressed in this Order, the Fourth Circuit has stated, "In order to avoid procedural default, the substance of a claim must have been fairly presented in state court. That requires the ground relied upon to be presented face-up and squarely. Oblique references, which hint that a theory may be lurking in the woodwork, will not turn the trick." *Joseph v. Angelone*, 184 F.3d 320, 328 (4th Cir. 1999). In his Objections, Petitioner failed to refute the Magistrate Judge's finding that Petitioner did not present this ground of relief to the PCR court and failed to direct the court's attention to any part of the record that evidenced otherwise. Based on this precedent and for the same reasons stated above, the court finds that this claim is procedurally defaulted.

Again, absent cause and prejudice or a fundamental miscarriage of justice, a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule. *Mackall v. Angelone*, 131 F.3d 442, 445 (4th Cir. 1997). In his Objections, Petitioner attempts to show "cause and prejudice" by making the same assertions that he did regarding ground two, discussed above. He argues that S.C. Code § 17-27-80 mandates that the PCR judge address all the issues presented to the court and that his PCR attorney should have filed a Rule 59(e) motion asking the court to address those issues. (Objections at 5.). For the same reasons noted above, the court finds that Petitioner has not shown cause and prejudice, demonstrated a miscarriage of justice, or made a probable showing of actual innocence for the court to consider the claim. Therefore, the court grants Respondent's Motion for Summary Judgment on this claim.

**IV.    Denial of Due Process and Equal Protection of Law Because Petitioner's Indictments Were Returned by an Unlawful Grand Jury**

In his last ground for relief, Petitioner contends that he was denied due process and equal protection because he was required to stand trial on indictments not returned by a "legally

17

constituted grand jury." The Magistrate Judge found that this issue was also procedurally barred

from consideration, and the court agrees. As noted above, a procedural default occurs when a

habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner

would be required to present his claims in order to meet the exhaustion requirement would now

find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). As

the Magistrate Judge noted, Petitioner did not make any references regarding the legality of the

grand jury or assert any issues regarding the legality of the grand jury in his direct appeal brief or

his application for post-conviction relief other than with regard to his claim that he was entitled

to a preliminary hearing. (Resp. Ex. 8, pp. 6–8.) Therefore, this issue was not addressed by the

South Carolina Court of Appeals or the PCR judge. In his Objections, Petitioner argues that he

did raise the issue in his *pro se* petition for writ of certiorari to the South Carolina Supreme

Court; however, this does not help Petitioner, as explained above, the general rule is that a PCR

judge must make specific findings of fact and conclusions of law for an issue to be preserved for

appellate review, and a Rule 59(e) motion must be filed if issues are not adequately addressed in

order to preserve those issues for appellate review. *Marlar v. State*, 375 S.C. 407, 410, 653

S.E.2d 266, 267 (2007) (citing *Pruitt v. State*, 310 S.C. 254, 423 S.E.2d 127, 128 n.2 (1992)).

Thus, the issue was not properly preserved for appellate review by the South Carolina Supreme

Court had they granted Petitioner's *pro se* petition for writ of certiorari, and it is procedurally

defaulted.

Since Petitioner defaulted on his claim in state court, federal habeas review of this claim

is now precluded absent a showing of cause for the default and actual prejudice, or a

demonstration that failure to consider the claims will result in a fundamental miscarriage of

justice. *Coleman*, 501 U.S. at 750. Petitioner argues that this claim is really a challenge to the

court's subject matter jurisdiction and that challenges to jurisdiction can be raised at anytime. As other courts have noted, the frequently quoted maximum that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court." In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts. *Dupree v. Padula*, No. 3:05-667, 2006 U.S. Dist. LEXIS 17440, at * (D.S.C. January 27, 2006) (citing *Pulley v. Harris*, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.")). Therefore, the court finds that Petitioner has failed to present sufficient grounds to excuse the procedural default of this claim and grants Respondent's Motion for Summary Judgment on this ground of relief as well.

## CONCLUSION

For the foregoing reasons, the court agrees with the Magistrate Judge's Report and Recommendation that Respondent Richard Bazzle's Motion for Summary Judgment be **GRANTED** and that Petitioner Michael Simmons' Petition be **DISMISSED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 26, 2009**

19